NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JAMES L. CALHOUN,        :

                      :    Civil Action No. 05-4167 (GEB)

        Plaintiff,    :

                      :

        v.            :    **OPINION**

                      :

JOE VICARI,             :

et al.,                :

                      :

        Defendants.    :

**APPEARANCES:**

Plaintiff pro se
James L. Calhoun
#K0871
120 Hooper Avenue
Toms River, NJ 087854


RECEIVED

SEP 2 6 2005

AT 8:30 _____
WILLIAM T. WALSH
CLERK

**BROWN, JR.,** Chief Judge

       Plaintiff James L. Calhoun, a prisoner currently confined at
Ocean County Jail in Toms River, New Jersey, seeks to bring this
action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging
violations of his constitutional rights.  Based on his affidavit
of indigence and the absence of three qualifying dismissals
within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's
application to proceed in forma pauperis pursuant to 28 U.S.C.
§ 1915(a) and order the Clerk of the Court to file the Complaint.

       At this time, the Court must review the Complaint to
determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be
granted, or because it seeks monetary relief from a defendant who
is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's
Complaint and are accepted as true for purposes of this review.

Plaintiff contends that between October 2004 and July 2005,
Defendant Corporal Richard Peterson used his authority to
"degrade and humiliate" Plaintiff by touching Plaintiff while
speaking with him, by making sexual gestures (touching himself)
and jokes, by invading Plaintiff's privacy while in the shower,
and, on July 13, 2005, by smacking Plaintiff's buttocks with his
hands and saying "You best to put some pants on in my dayroom."

In addition to Defendant Peterson, Plaintiff names as
defendants Ocean County Freeholder Joe Vicari, Warden Theodore J.
Hutler, Jr., whom Plaintiff alleges are responsible for the
proper management of the Ocean County Jail.

The Court construes the claim against Defendants Peterson,
Vicari, and Hutler as a claim for violation of Plaintiff's right
under the Eighth Amendment to be free from cruel and unusual
punishment.

Plaintiff also names as Defendants Ocean County Investigator
Kenneth S. Hess, for not interviewing Plaintiff or allowing
Plaintiff to file a felony complaint against Defendant Peterson,

2

and Defendant Hess's supervisors Ocean County Prosecutor Thomas
F. Kelaher and Investigator Daniel T. Mahony.  The Court
construes the allegations against Defendants Hess, Kelaher, and
Mahoney as a claim that Plaintiff was deprived of a liberty
interest without due process.  Plaintiff also alleges generally
that he is entitled to relief for the poor training and lack of
training and supervision.

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time,
certain in forma pauperis and prisoner actions that are
frivolous, malicious, fail to state a claim, or seek monetary
relief from a defendant who is immune from such relief.  See 28
U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C.
§ 1915A (actions in which prisoner seeks redress from a
governmental defendant); 42 U.S.C. § 1997e (prisoner actions
brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the
Court must be mindful to construe it liberally in favor of the
plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United
States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must
"accept as true all of the allegations in the complaint and all
reasonable inferences that can be drawn therefrom, and view them
in the light most favorable to the plaintiff."  Morse v. Lower
Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court

3

need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

4

injured in an action at law, suit in equity, or other
proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting

under color of state law.  West v. Atkins, 487 U.S. 42, 48

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.

1994).

Local government units and supervisors are not liable under

§ 1983 solely on a theory of respondeat superior.  See City of

Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v.

New York City Department of Social Services, 436 U.S. 658, 690-

91, 694 (1978) (municipal liability attaches only "when execution

of a government's policy or custom, whether made by its lawmakers

or by those whose edicts or acts may fairly be said to represent

official policy, inflicts the injury" complained of); Natale v.

Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d

Cir. 2003).  "A defendant in a civil rights action must have

personal involvement in the alleged wrongs, liability cannot be

predicated solely on the operation of respondeat superior.

Personal involvement can be shown through allegations of personal

direction or of actual knowledge and acquiescence."  Rode v.

Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations

omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286,

5

1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).[1]

To establish municipal liability under § 1983, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990), quoted in Blanche Rd. Corp. v. Bensalem Twp., 57 F.3d 253, 269 n.16 (3d Cir.), cert. denied, 516 U.S. 915 (1995), and quoted in Woodwind Estates, Ltd. v. Gretkowski, 205 F.3d 118, 126 (3d Cir. 2000). A plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the plaintiff's injury. Monell, 436 U.S. at 689.

> A policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict." Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir. 1996) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (plurality opinion)). A custom is an act "that has not been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law." [Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997).]
>
> There are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983. The first is where "the appropriate

---

[1] As Plaintiff makes no claims of personal involvement against defendants Vicari, Hutler, Kelaher, and Mahony, the claims against them must be dismissed without prejudice.

officer or entity promulgates a generally applicable
statement of policy and the subsequent act complained
of is simply an implementation of that policy."  The
second occurs where "no rule has been announced as
policy but federal law has been violated by an act of
the policymaker itself."  Finally, a policy or custom
may also exist where "the policymaker has failed to act
affirmatively at all, [though] the need to take some
action to control the agents of the government 'is so
obvious, and the inadequacy of existing practice so
likely to result in the violation of constitutional
rights, that the policymaker can reasonably be said to
have been deliberately indifferent to the need.'"

Natale, 318 F.3d at 584 (footnote and citations omitted).

In general, where a plaintiff seeks to establish liability

based on a supervisor's (or municipality's) failure to train or

supervise adequately, the plaintiff must show that a need for

more or different training or supervision is so obvious, and the

inadequacy so likely to result in constitutional violations, that

the failure to train or supervise can fairly be said to represent

official policy.  City of Canton v. Harris, 489 U.S. 378, 388-92

(1989); Stoneking v. Bradford Area School Dist., 882 F.2d 720,

724-26 (3d Cir. 1989), cert. denied, 493 U.S. 1044 (1990).  In

Farmer v. Brennan, 511 U.S. 825, 834-42 (1994), however, the

Supreme Court stated that Canton's objective standard is not an

appropriate basis for predicating supervisory liability on prison

officials accused of violating the Eighth Amendment's

proscription against inhumane conditions of confinement.

Instead, a prison official "must both be aware of facts from

which the inference could be drawn that a substantial risk of

serious harm exists, and he must also draw the inference." Id. at 837.  Cf. Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989).  Plaintiff has alleged no such facts with respect to Defendants Vicari and Hutler, in connection with his Eighth Amendment claim.  Thus, the claim for inadequate training and supervision against Defendants Vicari and Hutler will be dismissed.[2]

IV.  ANALYSIS

A.   The Eighth Amendment Claim

The Eighth Amendment to the United States Constitution, applicable to the individual states through the Fourteenth Amendment, prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes.  Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981).  This proscription against cruel and unusual punishments is violated by the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency."  Helling v. McKinney, 509 U.S. 25, 32 (1993).  It is well settled that "the treatment a prisoner receives in prison

---

[2] The Court of Appeals for the Third Circuit has held that a plaintiff "need not plead facts" so long a the complaint meets the notice pleadings requirements of Rule 8 of the Federal Rucls of Civil Procedure.  See Alston v. Parker, 363 F.3d 229, 233-34 and n.6 (3d Cir. 2004); Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004) (clarifying Alston, a complaint must plead facts sufficient at least to "suggest" a basis for liability).  Here, however, Plaintiff has pleaded facts, but those allegations do not suggest a basis for liability.

and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Id. at 31.

To state a claim under the Eighth Amendment, an inmate must allege both an objective and a subjective component. Wilson v. Seiter, 501 U.S. 294, 298 (1991). The objective component mandates that "only those deprivations denying 'the minimal civilized measure of life's necessities' ... are sufficiently grave to form the basis of an Eighth Amendment violation." Helling v. McKinney, 509 U.S. at 32 (quoting Rhodes, 452 U.S. at 346). This component requires that the deprivation sustained by a prisoner be sufficiently serious, for only "extreme deprivations" are sufficient to make out an Eighth Amendment claim. Hudson v. McMillian, 503 U.S. 1, 9 (1992).

The subjective component requires that the state actor have acted with "deliberate indifference," a state of mind equivalent to a reckless disregard of a known risk of harm. See Farmer v. Brennan, 511 U.S. 825, 835 (1994); Wilson, 501 U.S. at 303.

A plaintiff may satisfy the objective component of a conditions-of-confinement claim if he can show that the conditions alleged, either alone or in combination, deprive him of "the minimal civilized measure of life's necessities," such as adequate food, clothing, shelter, sanitation, medical care, and personal safety. Rhodes, 452 U.S. at 347-48; Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992). However, while the Eighth

Amendment directs that convicted prisoners not be subjected to cruel and unusual punishment, "the Constitution does not mandate comfortable prisons." Rhodes, 452 U.S. at 349. To the extent that certain conditions are only "restrictive" or "harsh," they are merely part of the penalty that criminal offenders pay for their offenses against society. Id. at 347. An inmate may fulfill the subjective element of such a claim by demonstrating that prison officials knew of such substandard conditions and "acted or failed to act with deliberate indifference to a substantial risk of harm to inmate health or safety." Ingalls v. Florio, 968 F.Supp. 193, 198 (D.N.J. 1997).

"Because allegations of sexual abuse by a corrections officer may constitute serious harm inflicted by an officer with a sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims." Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997). "Unsolicited sexual touching, harassment, and coercion are 'simply not part of the penalty that criminal offenders pay for their offenses against society.'" Thomas v. District of Columbia, 887 F.Supp. 1, 4 (D.D.C. 1995) (quoting Farmer, 511 U.S. at 834). Severe or repetitive sexual abuse of an inmate by a prison official can be "objectively, sufficiently serious" to constitute an Eighth Amendment violation. Boddie, 105 F.3d at 861. See also Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997) ("because the sexual

10

harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment") (internal quotation marks omitted).

However, allegations of isolated incidents of sexual comments or non-consensual touching may not be "objectively, sufficiently serious" to show harm of federal constitutional proportions. Boddie, 105 F.3d at 861. Compare Boddie (male prisoner's allegations that female officer touched his penis and said, "[Y]ou know your [sic] sexy black devil, I like you," and later bumped into him and pressed her whole body against his body are not sufficiently serious to satisfy the objective component) and Berryhill v. Schriro, 137 F.3d 1073 (8th Cir. 1998) (male inmate's claims that two officers grabbed his buttocks for a moment do not meet the objective component of Eighth Amendment) with Watson v. Jones, 980 F.2d 1165, 1166 (8th Cir. 1992) (allegations of two male inmates that female officer performed daily pat-down searches that included "prolonged rubbing and fondling of the genitals and anus area" for two month period satisfy objective element). See also Wright v. O'Hara, 2004 WL 1793018, *7 (E.D. Pa. 2004) (collecting cases).

Like the inmate in Boddie, Plaintiff:

11

asserts a small number of incidents in which he allegedly was verbally harassed, touched, and pressed against without his consent.  No single incident that he described was severe enough to be "objectively, sufficiently serious."  Nor were the incidents cumulatively egregious in the harm they inflicted.  The isolated episodes of harassment and touching alleged by [Plaintiff] are despicable and, if true, they may potentially be the basis of state tort actions.  But they do not involve a harm of federal constitutional proportions as defined by the Supreme Court.

105 F.3d at 861 (internal citations omitted).

Because the sexual gestures, jokes, and slap on the buttocks described by Plaintiff are not sufficiently serious to satisfy the objective component of an Eighth Amendment claim, this claim will be dismissed for failure to state a claim.

B.    The Failure to Prosecute Claim

Plaintiff contends that Defendant Investigator Hess, and, vicariously, his supervisors have violated Plaintiff's constitutional rights by failing to actively pursue and investigation and prosecution of Defendant Peterson.  However, "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution."  Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).  See also Leeke v. Timmerman, 454 U.S. 83, 85-87 (1981) (in general, a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another).

Thus, Plaintiff fails to state a claim of constitutional violation arising out of the failure of Defendants Hess, Kelaher,

12

and Mahoney to prosecute Defendant Peterson.   In addition, where there is no constitutional violation, there can be no claim for failure to train or supervise adequately.

## V.   CONCLUSION

For the reasons set forth above, the Complaint would ordinarily be subject to dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.   However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state a claim for violation of the Eighth Amendment, and for failure to adequately train or supervise with respect to the Eighth Amendment, the Court will grant Plaintiff leave to file an amended complaint.[3]   An appropriate order follows.

Garrett E. Brown, Jr.
Chief Judge
United States District Court

Dated: _September 23, 2005_

---

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."   6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).   An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.   Id.   To avoid confusion, the safer course is to file an amended complaint that is complete in itself.   Id.