NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JAMES CALHOUN,

Plaintiff,

v.

RICHARD PETERSON, THEODORE J. HUTLER, JR.,

Defendants.

Civ. No. 05-4167 (GEB)

**MEMORANDUM OPINION**

**BROWN, Chief Judge**

This matter comes before the Court upon Defendants Richard Peterson and Theodore J. Hutler, Jr.'s (hereinafter "Defendants") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 [Docket Entry # 35]. The Court, having read and full considered all of the parties submissions, has decided this matter without oral argument pursuant to F.R.Civ.P. 78. For the reasons discussed below, Defendants' Motion for Summary Judgment is granted.

## I. BACKGROUND

"At all relevant times herein, Plaintiff was an inmate at the Ocean County Jail." (Def. Motion, p. 6). Plaintiff alleges that between October 2004 and July 2005, Defendant Peterson "[sexually-oppressed]" him by grabbing and/or holding his arm, shoulder, or chest. (Compl., p. 6). Plaintiff claims that Defendant Peterson would open the shower curtain while Plaintiff was showering and stare at him for approximately thirty seconds. (Id.). Plaintiff states that Defendant Peterson "would call me gay and insist I listen to his gay jokes." (Id.). Additionally,

Plaintiff claims that on July 13, 2005, Defendant Peterson approached Plaintiff while he was working out, smacked his buttocks, and said "you best to put some pants on in my day room." (Def. Motion, p. 1). It is uncontested that after the July 13 incident, Plaintiff filed an inmate grievance.[1] (Id. at p. 1).

Plaintiff also claims that Defendant Hutler was aware of Defendant Peterson's behavior. (Compl., p. 7). Plaintiff states that "he was aware of [Defendant] Peterson's misconduct through [his] inmate grievances, request slips to his office, and family members [phone calls] of concern." (Id. at 7-8). Additionally, Plaintiff claims that the lack of video monitors in the housing dorms were the "moving force behind [Plaintiff's] repeated verbal, emotional, and physical abuse." (Id. at 8).

## II. PROCEDURAL BACKGROUND

On August 23, 2005, Plaintiff filed a Complaint naming Corrections Officer Richard Peterson, Warden Theodore J. Hutler, Jr., Prosecutor Thomas Kelaher, Freeholder Joseph Vicari, and Investigators Mahony and Hess as Defendants, alleging that his civil rights were violated. (Def.'s Motion, p. 2). Specifically, Plaintiff set forth claims of failure to prosecute as to Defendants Kelaher, Mahony, and Hess, failure to adequately train and supervise under 42 U.S.C. § 1983 as to Defendants Kelaher, Mahony, Hess, Vicari, and Hutler and an Eighth Amendment claim of cruel and unusual punishment as to Defendant Peterson. The claims for failure to prosecute against Defendants Kelaher, Mahony, and Hess were dismissed by an order issued on September 23, 2005 as there was no constitutional basis for the claim. Calhoun v.

[1] Plaintiff additionally claims that he had filed several inmate grievances previous to the July 13, 2005 grievance. Plaintiff states that, until the July 13, 2005 grievance, his previous grievances were not acted upon by the prison staff. (Compl., p. 7).

Vicari, 2005 WL 2372870, at *5 (D.N.J. Sept. 26, 2005). In the same order, the Court held Plaintiff made no claims of personal involvement with the Defendants and the claims of failure to adequately train and supervise filed against Defendants Kelaher, Mahony, Vicari, and Hess were dismissed with prejudice. (Id. at *2). The Court also dismissed the claim of inadequate training and supervision against Defendant Hutler as the Court found that Plaintiff alleged no facts to support an Eighth Amendment Claim. (Id. at *3). Plaintiff was permitted to amend the Complaint. (Id.). Plaintiff filed an Amended Complaint on October 26, 2005 which in essence merely detailed more thoroughly the incidents previously alleged in the original Complaint. (Pl. First Amended Compl.). On April 4, 2006, the claims against Defendant Vicari were dismissed with prejudice via an order of the Court. (Docket). On July 27, 2006, Defendants Peterson and Hutler filed an answer to Plaintiff's First Amended Complaint and Plaintiff's Second Amended Complaint. (Id.). Plaintiff filed a Second Amended Complaint on January 29, 2007. There is no cognizable distinction between Plaintiff's First Amended Complaint and Plaintiff's Second Amended Complaint. Defendants filed the instant Motion for Summary Judgment on March 8, 2007. (Id.).

## III. DISCUSSION

### A. Summary Judgment Standard

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996); Healy v. New York Like Ins. Co., 860 F.2d 1209, 1219, n.3 (3d Cir. 1988), cert. denied, 490 U.S. 1098 (1989); Hersh v. Allen Prod. Co., 789 F.2d

230, 232 (3d Cir. 1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

F.R.Civ.P. 56(e). The rule does not increase or decrease a party's ultimate burden of proof on a claim. Rather, "the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." Anderson, 477 U.S. at 255-56.

Under the rule, a movant must be awarded summary judgment on all properly supported issues identified in its motion, except those for which the non-moving party has provided evidence to show that a question of material fact remains. See Celotex, 477 U.S. at 324. Put another way, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be

"supplemented . . . by depositions, answers to interrogatories, or further affidavits," id., "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586, n.12; see also Anderson, 477 U.S. at 247-48 ("[B]y its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion . . . the requirement is that there be no *genuine* issue of *material* fact.") (emphasis in original).

What the non-moving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; see also Lujan v. National Wildlife Fed., 497 U.S. 871, 888 (1990) ("The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992) ("To raise a genuine issue of material fact . . . the [non-moving party] need not match, item for item, each piece of evidence proffered by the movant" but rather must exceed the 'mere scintilla' threshold.), cert. denied, 507 U.S. 912 (1993).

**B. Summary Judgment Motion**

Defendants' Summary Judgment Motion asserts several legal defects in Plaintiff's Complaint. First, Defendants assert that Plaintiff cannot establish a claim under 42 U.S.C. § 1983. Plaintiff "fails to demonstrate the deprivation of any rights protected by the Constitution or federal statutes." (Def. Motion, p. 7).

The Defendants also claim that *respondeat superior* is an insufficient premise for liability under Section 1983. (Id.). Furthermore, they argue Plaintiff has "failed to establish a cause of

action against Defendant, Warden Theodore Hutler, under 42 U.S.C. § 1983." (Id.). Specifically Defendants assert that Plaintiff must "demonstrate that Warden Hutler was aware of a set of facts from which he could infer that there was a substantial risk of serious harm from Defendant Peterson's actions or that he actually drew such an inference" and that the allegations asserted by Plaintiff are insufficient to meet this test. (Id.).

Defendants further contend that Plaintiff cannot meet the subjective and objective tests of an Eighth Amendment claim. (Id. at 10).

Plaintiff, in opposition to Defendants Motion, asserts that events alleged in the Complaint successfully satisfy both the objective and subjective tests. (Pl. Reply Br., p. 3). As to the objective test, Plaintiff contends that he was deprived of the minimal civilized measure of life's necessities by Defendant Peterson sexually harassing him. (Id.). Furthermore, Plaintiff claims that he was scared for his personal safety in each alleged incident that occurred. (Id.).

As to the subjective test, Plaintiff contends that Defendant Hutler acted with deliberate indifference towards him. (Id.). Additionally, Plaintiff claims that Defendant Hutler is under investigation for criminal misconduct of a sexual nature towards prison inmates. (Id.).

Plaintiff next claims that he can establish a cause of action against Defendant Hutler under 42 U.S.C. § 1983 as Defendant Hutler was aware of the incidents and what Plaintiff believes to be an ongoing threat to inmate health and safety because of his inmate grievances and phone calls placed by Plaintiff's family members to Defendant Hutler. (Id.). Plaintiff also claims that the established policy regarding the lack of video monitoring in the prison demonstrates that Defendant Hutler had the authority to perpetuate this policy and it was this policy that resulted in Plaintiff's injury. (Id.).

Plaintiff also claims that he is able to satisfy the requirements of an Eight Amendment claim, citing Boddie v. Schnieder, 105 F. 3d 857, 861 (2d Cir. 1997)) and Thomas v. District of Columbia, 887 F. Supp. 1, 4 (D.D.C. 1995). (Id. at p. 8).

**C. Claims Under § 1983**

The language of Title 42, United States Code, Section 1983, states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. In order to establish a claim under Section 1983, Plaintiff must show that he was deprived of a federal constitutional or statutory right by an official acting under the color of state law. Gruenke v. Seip, 225 F.3d 290, 298 (3d Cir. 2000). Section 1983 does not create any new rights, but only provides a remedy for "the violation of a federal constitutional or statutory right." Id. (citing Baker v. McCollan, 443 U.S. 137, 144, n.3 (1979)).

Liability may not be imposed on a supervisor solely based on the theory of *respondeat superior*. Blanche Road Corp. v. Bensalem Twp., 57 F.3d 253, 263 (3d Cir. 1995). A municipality may be subject to liability where "a plaintiff [shows] that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990).

Furthermore, "there are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983." Calhoun, 2005 WL at *3.

> The first is where "the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy." The second occurs where "no rule has been announced as policy but federal law has been violated by an act of the policy maker itself." Finally, a policy or custom may also exist where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of government 'is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policy maker can reasonably be said to have been deliberately indifferent to the need.'"

Natale v. Camden County Correctional Facility, 318 F.3d 575, 584 (3d Cir. 2003) (citations omitted).

Plaintiff claims that Defendant Hutler failed to adequately train and supervise Defendant Peterson because of the failure to have video monitors in all housing dorms. (Compl., p. 5). Where a Plaintiff shows a need for more training or supervision and that failure may result in constitutional violations, it can be said that the failure to train or supervise represent official policy. City of Canton v. Harris, 489 U.S. 378, 388-392 (1989). When a Section 1983 claim is predicated upon such a claim, it must be shown that the prison official is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

As stated, there is no discernable difference between Plaintiff's First Amended Complaint and his Second Amended Complaint. When determining whether the First Amended Complaint's claim of inadequate training and supervision against Defendant Hutler should be dismissed for failure to state a claim where relief may be granted, the Court found that the Complaint was insufficient to meet the requirements of such a claim as no facts were alleged by Plaintiff concerning his Eighth Amendment claim. When Plaintiff amended his Complaint, he

failed to alter or add any new evidence to support the alleged claims. Therefore, as no new facts are alleged in Plaintiff's Second Amended Complaint, there is no basis to support a different outcome. Thus, Defendants' Motion for Summary Judgment regarding the claim of inadequate training and supervision against Defendant Hutler is granted.

**D. Claims Under Eighth Amendment**

The Eighth Amendment to the United States Constitution, applicable to individual states through the Fourteenth Amendment, prohibits states from inflicting "cruel and unusual punishments" on those convicted of crimes. Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981). These proscriptions against cruel and unusual punishments are violated by the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." Helling v. McKinney, 509 U.S. 25, 32 (1993). It is well settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." (Id. at 31).

To state a claim under the Eighth Amendment, an inmate must allege both an objective and a subjective component. Wilson v. Seiter, 501 U.S. 294, 298 (1991). The objective component mandates that "only those deprivations denying 'the minimal civilized measure of life's necessities' . . . are sufficiently grave to form the basis of an Eighth Amendment violation." Helling v. McKinney, 509 U.S. at 32 (quoting Rhodes, 452 U.S. at 346). This component requires that the deprivation sustained by a prisoner be sufficiently serious, for only "extreme deprivations" are sufficient to make out an Eighth Amendment claim. Hudson v. McMillian, 503 U.S. 1, 9 (1992).

The subjective component requires that the state actor have acted with "deliberate

indifference," a state of mind equivalent to a reckless disregard of a known risk of harm. See Farmer v. Brennan, 511 U.S. 825, 835 (1994); Wilson, 501 U.S. at 303.

A plaintiff may satisfy the objective component of conditions-of-confinement claim if he can show that the conditions alleged, either alone or in combination, deprive him of "the minimal civilized measure of life's necessities," such as adequate food, shelter, sanitation, medical care, and person safety. Rhodes, 452 U.S. at 347-48; Young v. Ouinlan, 960 F.2d 351, 364 (3d Cir. 1992). However, while the Eighth Amendment directs that convicted prisoners not be subjected to cruel and unusual punishment, "the Constitution does not mandate comfortable prisons." Rhodes, 452 U.S. at 349. To the extent that certain conditions are only "restrictive" or "harsh," they are merely part of the penalty that criminal offenders pay for their offenses against society. (Id. at 347). An inmate may fulfill the subjective element of such a claim by demonstrating that prison officials knew of such substandard conditions and "acted or failed to act with deliberate indifference to a substantial risk of harm to inmate health or safety." Ingalls v. Florio, 968 F.Supp. 193, 198 (D.N.J. 1997).

"Because allegations of sexual abuse by a corrections officer may constitute serious harm inflicted by an officer with sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims." Boddie v. Schnieder, 105 F. 3d 857, 861 (2d Cir. 1997). "Unsolicited sexual touching, harassment, and coercion are 'simply not part of the penalty that criminal offenders pay for their offenses against society.'" Thomas v. District of Columbia, 887 F.Supp. 1, 4 (D.D.C. 1995) (quoting Farmer, 511 U.S. at 834). Severe or repetitive sexual abuse of an inmate by a prison official can be "objectively, sufficiently serious" to constitute an Eighth Amendment violation. Hoddie, 105 F. 3d at 861. See also Freitas v. Ault,

109 F. 3d 1335, 1338 (8th Cir. 1997) ("because the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the unnecessary and wanton infliction of pain forbidden by the Eighth Amendment" (internal quotation marks omitted).

However, allegations of isolated incidents of sexual comments or non-consensual touching may not be "objectively sufficiently serious" to show harm of federal constitutional proportions. Boddie, 105 F.2d at 861. Compare Boddie (male, prisoner's allegations that female officer touched his penis and said, "[Y]ou know your [sic] sexy black devil, I like you," and later bumped into him and pressed her whole body against his body are not sufficiently serious to satisfy the objective component) and Berryhill v. Schriro, 137 F.3d 1073 (8th Cir. 1998) (male inmate's claims that two officers grabbed his buttocks for a moment do not meet the objective component of Eighth Amendment) with Watson v. Jones, 980 F.2d 1165, 1166 (8th Cir. 1992) (allegations of two male inmates that female officer performed daily pat-down searches that included "prolonged rubbing and fondling of the genitals and anus area" for two month period satisfy objective element.) See also Wright v. O'Hara, 2004 WL 1793018, *7 (E.D.Pa. 2004) (collecting cases).

As previously stated, there is no difference between Plaintiff's First Amended Complaint and Second Amended Complaint. Plaintiff claims in each complaint that Defendant Peterson harassed him by touching and pressing against him without his consent. The Court had previously decided that the incidents alleged were "not severe enough to be 'objectively, sufficiently serious'" when determining whether the First Amended Complaint's claim of

inadequate training and supervision against Defendant Hutler should be dismissed for failure to state a claim where relief may be granted. Calhoun, 2004 WL at *5. The Court stated that the claims were "despicable" and may be the basis for state tort actions. (Id.). However, the acts cumulatively and individually are not severe enough to constitute a violation of "federal constitutional proportions." (Id.). As there are no change in facts alleged in the Second Amended Complaint by Plaintiff, the claim against Defendant Peterson is dismissed.

As such, Plaintiff alleges no claims where relief can be granted. All claims shall be dismissed, as there is no question of material fact, and Defendants are entitled to judgment as a matter of law.

**E. The Failure to Prosecute Claim**

Plaintiff alleges that Defendant Hutler has violated Plaintiff's constitutional rights by failing to "take action to substantial risk of harm to inmate health and safety, from [Defendant Peterson's] behavior." (Compl., p. 5). However, the Court has previously found that a claim based on "failure to prosecute" may not proceed as this is not a violation of a citizen's constitutional rights. Calhoun, 2005 WL at *5. See also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)("[A] citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution."). As Plaintiff states no claim where relief may be granted, the claim that Defendant Hutler failed to "take action to substantial risk of harm to inmate health and safety, from [Defendant Peterson's] behavior" is dismissed. Calhoun, 2005 WL at *5.

**III. CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment is granted as to Defendant Peterson and Defendant Hutler. The Eighth Amendment and failure to adequately train and supervise claims are dismissed.

Dated: July 12th, 2007

s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.